JUSTICE NELSON,
specially concurring.
¶70 I join Justice Rice’s Concurrence. His comments at ¶¶ 65 to 67 are correct. Unfortunately, this is not the first time in recent experience that this Court has taken a case and reframed the issues, arguments, and theories on appeal to achieve a particular disposition-in the process, blindsiding the losing party with an issue it never raised or briefed. This is exactly what happened in Western Sec. Bank and Glacier Bancorp, Inc. v. Eide Bailly LLP, 2010 MT 291, 359 Mont. 34, 249 P.3d 35. In that case, appellant Glacier Bancorp alleged, litigated, and argued a professional negligence claim, not the negligent misrepresentation claim this Court decided on appeal. Western Sec. Bank, ¶¶ 72-82 (Nelson, J., concurring in part and dissenting in part). As I observed there, “ti]t will surely come as a surprise to Glacier . . . when it learns that it has lost this case because it failed to adequately support a claim that it never even raised!” Western Sec. Bank, ¶ 73.1 have no doubt that Pacificorp will be equally astonished.